HOUSTON OIL COMPANY OF TEXAS *v.* PHILLIPS.

Opinion delivered June 15, 1931.

*Gaughan, Sifford, Godwin & Gaughan,* for appellant.
*Compere & Compere,* for appellee.

McHANEY, J. Appellant correctly states the case as follows: "Appellee had been in the employ of appellant, working in a connection gang for about a year prior to July 16, 1929, the date when he received the injury complained of in his complaint. During the course of his employment, he assisted in laying two short pipe lines near appellant's Camden refinery. Prior to his employment by appellant, he had worked as a blacksmith in Arkadelphia for more than twenty years.

"Appellee and twelve or fifteen other employees of appellant were engaged in laying a pipe line from the Camden refinery to the McDonald Oil Field some twelve or fifteen miles away. The right-of-way for the pipe line had been cut and appellee and the others were engaged

in digging the ditch in which said line was to be laid. In laying the pipe line they started at the Camden refinery and were laying it towards the McDonald Field. On account of the railroad spur track near the refinery, it was necessary to lay the line under said track and to make the ditch at that particular place some deeper than at other places.

"At the time appellee was injured the ditch near the spur track had been dug, and was, according to appellee, about eighteen or twenty inches wide, and about twenty-four inches deep. A stump about six inches in diameter at the top and four inches at the bottom had been left standing near the middle of the ditch.

"Appellee was instructed by his foreman to take an axe and cut the stump out of the ditch. He got an axe, got down in the ditch and had struck from three to six licks with the axe when he struck the bank of the ditch and in doing so the axe glanced, striking his left foot and almost severing the toe next to the large one. He was immediately given first aid treatment to stop the flow of blood, then taken to the hospital where he was given further treatment. No other part of his foot was injured."

In addition, it may be said the undisputed proof is that it is customary to dig down the banks of the ditch around a stump so as to make what is called a bell hole, to enable the axe to cut the stump off at the bottom of the ditch without striking the bank. Also that appellee had never before been directed to chop down a stump in the ditch and was not advised that a bell hole was necessary.

A trial resulted in a verdict and a judgment against appellant for $500. The only assignment of error urged here for a reversal of the judgment is the refusal of the court to direct a verdict in its favor, on the ground that it was not negligent and that appellee assumed the risk as a matter of law.

We think the court correctly submitted these questions to the jury. The foreman directed appellee to get

an axe and chop the stump out of the ditch. He did not tell him to get a shovel, make a bell hole around the stump, then get an axe and chop it out. Appellee attempted to do exactly what he was told to do in the manner directed by the foreman, and acted under his direct supervision. The foreman knew it was customary first to dig a bell hole and says he neglected to notice whether it had been done or not when he told appellee to get the axe and chop the stump out. This was sufficient to take the question of appellant's negligence to the jury.

Nor can we say appellee assumed the risk as a matter of law. This question was submitted to the jury in several instructions which are not complained of, and its finding is binding here.

Affirmed.